UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM RIVERA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 19 C 3728 |
| TOWN OF CICERO, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendants' motion to dismiss several counts of Plaintiff William Rivera's ("Rivera") First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion in part.

## BACKGROUND

The underlying facts in this case are detailed in our prior Order.[1] In that Order, this Court granted Defendants a partial dismissal of the claims asserted in Rivera's original complaint. Rivera's FAC now asserts and repleads ten claims under federal and state law, nine of which are against Defendants Armando Galvin, Officer Kane,

---

[1] *See* 1:19-cv-3728, Dkt. No. 35.

Officer Perez, Andrew Gutierrez, Salvador Orozco, and Officer Lara ("Defendant Officers").

Specifically, Rivera alleges federal claims for an unlawful search and seizure in Count I, false arrest and imprisonment in Count II, conspiracy to falsely arrest in Count III, excessive force in Count IV, failure to intervene in Count V, and a *Monell* claim in Count VI. Under state law, Rivera alleges claims for false arrest and imprisonment in Count VII (improperly numbered as Count VI), indemnification under Illinois state law in Count VIII (improperly numbered as Count VII), intentional infliction of emotional distress in Count IX (improperly numbered as Count VIII), and alternatively to Count IX, negligent infliction of emotional distress in Count X (improperly numbered as Count IX).

Briefly stated, this case arises out of a traffic stop leading to allegedly unlawful searches and seizures of Rivera's person, vehicle, and home that ensued after Rivera attempted to serve the President of the Town of Cicero, Larry Dominick("Dominick"), with federal subpoenas. The specific incidents at issue here involve an allegedly unlawful stop conducted by Defendants Galvin and Kane, an ensuing pat-down search of Rivera's person and his vehicle conducted by Defendant Ramirez, and a search of Rivera's home conducted by Defendants Gutierrez and Orozco. Rivera's excessive force claim stems from events occurring after his arrest and detention at the Town of Cicero's Police Department where he was tightly cuffed and detained in a cell under unusually cold temperatures without a shirt, socks, or shoes. Defendants move the

2

Court to dismiss several counts of Rivera's FAC under Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rivera need not provide detailed factual allegations but must provide enough factual support to raise his right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Defendants urge the Court to dismiss Counts I, V, VII, IX, and X (search and seizure, failure to intervene, and state law claims) as to Defendants Perez and Lara and

3

Counts III and IV (conspiracy and excessive force claims) as to all Defendants. The Court will address each in turn.

## I. Claims Against Defendants Perez and Lara

Defendants urge the Court to dismiss Rivera's search and seizure and failure to intervene claims against Defendants Perez and Lara, arguing that Rivera failed to allege Perez and Lara's personal involvement in the alleged violations. The Court addresses each claim in turn.

### A. Count I: Search and Seizure Claims

It is well established in this circuit that a plaintiff asserting claims under 42 U.S.C. § 1983 must allege that each defendant was personally involved in the alleged constitutional deprivation. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir.1995). To be personally responsible, an official must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye to it. *Laba v. Chicago Transit Auth.*, 2015 WL 3511483, at *2 (N.D. Ill. 2015).

Rivera alleges four instances in which his constitutional rights were violated: (1) an unlawful stop conducted by Defendants Galvin and Kane; (2) an ensuing pat-down search of Rivera's person conducted by Defendant Ramirez, (3) a search of Rivera's vehicle also conducted by Defendant Ramirez, and (4) a search of Rivera's home conducted by Defendants Gutierrez and Orozco.

Defendants argue that Officer Perez and Lara did not arrive until after the initial stop took place, and Defendant Perez left before any of the above searches took place.

4

As such, they argue, Rivera has failed to allege that they were personally involved in the alleged violations. Rivera responds that Defendants Perez and Lara were personally involved because they were present for at least ten minutes while Rivera was detained and failed to intervene to allow Rivera to leave. The Court disagrees in part.

Perez and Lara's presence at the scene of the stop after it happened, by itself, does not show that they knew of the conduct and facilitated, approved, condoned it, or turned a blind eye. Rivera does not allege that Perez and Lara knew Defendants Galvin and Kane were about to initiate an unlawful stop and they facilitated, approved, condoned or turned a blind eye to it. Absent these allegations, the Court cannot find that Perez and Lara were personally involved in the initial stop.

Turning to the searches of Rivera's person and vehicle and his subsequent arrest, Perez's presence at the scene for ten minutes, without more, does not suggest that he was personally involved in this conduct. Particularly, since Perez left the scene before these events happened, Rivera must allege sufficient facts showing that Perez knew the searches and seizures were going to happen before he left in order to sufficiently allege his personal involvement in this conduct. Rivera does not allege these facts, and therefore, the Court cannot find that Perez was personally involved in the allegedly unlawful conduct.

As to Defendant Lara, however, the Court can reasonably infer that he knew about the unlawful search and later arrest from his presence at the scene while they were conducted. Furthermore, it is reasonable to infer from the allegations in the FAC that

5

Defendant Lara turned a blind eye to the conduct due to his silence as to the searches and arrest while they occurred.

Defendants contend that Officer Lara's mere presence at the scene, like Officer Galvin's presence at the police station, is not enough for the Court to infer Officer Lara's personal involvement in the allegedly unlawful search and arrest. The Court disagrees.

This is not the same situation as the one encountered by Officer Galvin at the Police Station. There, Officer Galvin was shaking his head while Rivera was being shoved into a jail cell, and this Court held that we could not determine from the factual allegations why exactly Officer Galvin was shaking his head. It could have been for some completely unrelated reason or event going on in the department.

Here, however, we can reasonably infer that Officer Lara's presence at the scene was to provide backup to his fellow officers in the course of this particular stop. From this, we can reasonably infer that Officer Lara's attention was directed to the stop-related events unfolding before him, not some unrelated event occurring elsewhere. Indeed, it would strain credulity for us to find that Officer Lara was present at this stop to offer backup but did not pay attention to stop-related events; we might as well find that Officer Lara had buried his head in the sand while Officer Ramirez searched and arrested Rivera. In any event, at this stage of the litigation all reasonable inferences are drawn in Rivera's favor, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008), and Officer Lara's presence and silence while the allegedly unlawful searches were

6

being conducted are sufficient for us to draw a reasonable inference that he knew of, and turned a blind eye to, them.

Therefore, the Court finds that Rivera has alleged sufficient facts to suggest that Defendant Lara was personally involved in the allegedly unlawful arrest and searches of his person and car. In contrast, the Court finds that Rivera has failed to allege sufficient facts showing Defendant Perez was personally involved in the unlawful conduct in Count I. Accordingly, the Court grants the motion to dismiss Count I as to Defendant Perez but denies it as to Defendant Lara.

### B. Count V: Failure to Intervene

To state a claim for failure to intervene under Section 1983, a plaintiff must plead that the law enforcement officer "(1) had reason to know that a fellow officer was using excessive force or committing a constitutional violation, and (2) had a realistic opportunity to intervene to prevent the act from occurring." *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009). "A realistic opportunity to intervene may exist whenever an officer could have called for a backup, called for help, or at least cautioned [the excessive force defendant] to stop." *Abdullahi v. City of Madison*, 423 F.3d 763, 774 (7th Cir. 2005) (internal quotation marks omitted) (*citing Yang v. Hardin*, 37 F.3d 282 (7th Cir. 1994)). *Campbell v. City of Chicago*, 2018 WL 4352614, at *5 (N.D. Ill. 2018). Here too, "[Section] 1983 liability is premised on the wrongdoer's personal responsibility." *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012).

7

Rivera claims that both Officers Perez and Lara failed to intervene and put a stop to the violation of his constitutional rights. To support this, he alleges that Officer Perez was present at the scene of the stop for ten minutes, and that Officer Lara was present while the unlawful search and arrest took place. The Court disagrees in part.

We have already found that Rivera fails to sufficiently allege that Defendant Perez was personally involved in the violation of his rights because Defendant Perez was not present when any of the violations actually occurred. Defendant Perez's presence for ten minutes after the stop happened does not change that determination, as the alleged violation had already occurred. Similarly, Defendant Perez left before the remaining alleged constitutional violations took place. Thus, absent allegations showing that Defendant Perez knew of the conduct (stop, search, and arrest) beforehand, we cannot find that he had a reasonable opportunity to intervene and failed to do so.

As to Defendant Lara, however, the factual allegations show that he was present at the scene while Defendant Ramirez searched and arrested Rivera. Accordingly, we found that Rivera sufficiently alleged that Defendant Lara was personally involved in these violations. As above, therefore, at this stage of the litigation the Court draws a reasonable inference from Defendant Lara's presence and silence that he had reason to know that of the allegedly unlawful conduct and had a reasonable opportunity to intervene but failed to do so.

The Court finds that Rivera alleges sufficient facts to state a claim for failure to intervene against Defendant Lara but not against Defendant Perez. Accordingly, the Court grants the motion to dismiss Count V against Defendant Perez but denies it as to Defendant Lara.

### C. Counts VII, IX, and X: Supplemental State Law Claims

Under 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction over claims that arise out of the "same case or controversy" as a claim over which the court has original jurisdiction. A district court "may decline to exercise supplemental jurisdiction over pendent state-law claims if the court has dismissed all claims over which it has original jurisdiction." *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1250–51 (7th Cir. 1994) (internal quotation marks omitted) (citing 28 U.S.C. § 1367(c)(3)). The Seventh Circuit has adopted the general rule that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Id*. at 1251.

Having dismissed all federal claims against Defendant Perez, we grant Defendants' motion to dismiss the remaining state law claims in Counts VII, IX and X as to Defendant Perez only.

## II. Claims Against Remaining Defendants

Defendants next urge the Court to dismiss Count III and IV against all remaining Defendants, alleging claims for conspiracy and excessive force. The Court addresses each claim in turn.

9

### A. Count III: Conspiracy under Section 1983

To state a claim for civil conspiracy under Section 1983, a plaintiff must allege facts from which the Court may reasonably infer that there was "(1) an express or implied agreement among defendants to deprive plaintiff of his or her constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement." *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir. 1988).

On the facts, a plaintiff must set forth the specific defendants, the approximate time period of the conspiracy, and the general purpose of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006); *see also Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) ("[I]t is enough ... merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with."). There is no need for any more factual detail than any other type of case; that is, the plaintiff does not have to provide a "precise causal connection" between the actions of the defendants and the alleged violations. *Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006). Instead, the plaintiff is simply expected to plausibly allege that they have a "tenable theory or basis of suit" and provide defendants with adequate notice of the claims against them. *Id.*(cleaned up); *see also id.* at 732-33.

Rivera's FAC alleges that the Defendant Officers, acting under color of law, agreed to arrest and detain him without "reasonable suspicion, probable cause, a judicial warrant, or writ" while he attempted to serve federal subpoenas upon Dominick. Rivera further alleges that one of the officers had asked him why he was attempting to serve a

10

subpoena on Dominick when he is the President of the Town of Cicero, and that Officer Kane told him he was not authorized to serve a subpoena. Rivera also alleges that in November 2018 Defendants sent him a news release with an added message: "you will be back in jail again we are going to win this case for Larry Dominick and his employees." 1:19-cv-3728, Dkt. 36 at ¶ 160. Finally, Rivera alleges that Defendants sent him a letter in February 2019 referring to him as "stupid," asking "why are you still fighting against us you know that we are going to win this case," calling him a "fake Process Server" and insisting "we going to win and get PROMOTED." *Id*. at ¶ 161.

Defendants argue that Rivera's allegations are insufficient to state a claim for conspiracy. The Court disagrees.

Rivera alleges that the parties to the conspiracy are the Defendant Officers; the timing of the conspiracy extends from the moment that Rivera attempted to serve the legal subpoenas to well beyond his arrest; and the general purpose was revealed through statements made to Rivera at the time of the stop and subsequent communications he received from the Defendants in November 2018 and February 2019. At this stage of the litigation, the well-pled facts in the complaint are deemed to be true, and any reasonable inferences must be drawn in Rivera's favor. Here, the Court can reasonably infer that the Defendant Officers participated in a conspiracy to unlawfully arrest and detain Rivera, i.e. to violate his constitutional rights, for the purpose of obstructing him from serving subpoenas on Dominick and Ruth Ortega.

11

Given that these allegations identify the parties, the timeframe, and the general purpose of the conspiracy, they are sufficient to state a claim for civil conspiracy under Section 1983. Accordingly, the Court denies Defendants' motion to dismiss Count III.

### B. Count IV: Excessive Force

Defendants next urge the Court to dismiss Rivera's excessive force claim, arguing that Rivera fails to identify who used the excessive force, that overly tightened handcuffs alone do not rise to the level of excessive force, and that the compilation of acts Rivera claims constitute excessive force are more relevant to an eighth amendment confinement conditions claim rather than a fourth amendment excessive force claim. The Court agrees that Rivera fails to identify who used the excessive force.

Our prior opinion dismissed Rivera's excessive force claim for failing to identify the Defendants who used excessive force while processing and detaining him at the Cicero Police Station. Rivera's FAC fails to remedy that defect. The FAC merely provides a conclusory blanket assertion that "The conduct of the Defendant Officers—Kane, Galvin, Perez, Gutierrez, Lara, Orozco, and Ramirez—acting under color of law, constituted excessive force…" and goes on to list the same set of events listed in the prior complaint without providing any further factual details as to how each Officer was personally involved in the alleged deprivations." 1:19-cv-3728, Dkt. 36 at ¶ 125.

Absent any factual allegations showing how the Defendant Officers knew of the conduct and approved, condoned, facilitated, or turned a blind eye to it, the Court cannot

allow this claim to proceed. *See Laba*, 2015 WL 3511483, at *2. Accordingly, the Court grants Defendants' motion to dismiss Count IV of Rivera's FAC.

## CONCLUSION

For the reasons mentioned above, the Court grants-in-part and denies-in-part Defendants' motion to dismiss. The Court grants the motion as to Count IV, alleging an excessive force claim against all Defendants. We deny the motion as to Count III, alleging a claim for civil conspiracy. The Court further grants the motion to dismiss Counts I and V, VII, IX, and X as to Defendant Perez, and denies the motion as to Defendant Lara.[2] Since the FAC failed to cure the many defects of the original complaint outlined in our prior Memorandum Opinion, Rivera's request for leave to file a Second Amended Complaint is denied. It is so ordered.

Dated: 7/9/2020

_____
Charles P. Kocoras
United States District Judge

---

[2] The Counts are renumbered as noted in the facts section of this Memorandum Opinion to correct a typographical error in the Amended Complaint's numbering of the counts.

13